## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**RAYMOND CRAWFORD**                                                                                  **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 5:22-CV-P47-TBR**

**CHRISTIAN COUNTY FISCAL COURT et al.**                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Raymond Crawford, a prisoner, initiated this *pro se* 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, who is incarcerated at the Christian County Detention Center (CCDC), names as Defendants the Christian County Fiscal Court and, in their individual capacities CCDC Jailer Brad Howell and Captains David Burd and Campbell. He also sues CCDC Sergeant Flock and Shameckia Holt, a Kentucky Department of Corrections (KDOC) employee, but he does not indicate in what capacity he sues them. The complaint states that he feels that his First, Fifth, and Eighth Amendment rights have been violated.

Plaintiff alleges that his First Amendment freedom-of-speech right was violated when he complained to jail staff regarding his custody level and he was given the choice of going to the work release program "as warranted by the Department of Correction," but instead he became a trustee.

Plaintiff further appears to allege that it was cruel and unusual punishment that he was made a trustee because he had a conflict with another inmate. He appears to allege that when he

asked Defendant Burd to "investigate [a] sititution . . . by reviewing . . . camera footage[,] [i]t was supposedly ordered by Captain Burd through Captain Campbell to have me locked down[.] [A]t the same time I . . . had to remove myself from general population to where I was afraid of my mental state or surrounding." He states that he, therefore, requested to be placed in isolation and to be seen by the Pennyrile Mental Health Department. It is not clear from the complaint when this happened.

Plaintiff states that rather than file a grievance he went straight to KDOC and that Defendant Holt responded that he was locked down for a few days, but Plaintiff believes it was actually close to 3 months.

Plaintiff attaches a handwritten document with "Grievance" written at the top regarding an incident on November 25, 2021, when, while working in the kitchen, an officer woke him up and asked what he was doing asleep during working hours. Plaintiff responded that he was told by the main cook that he could take off after lunch because he had stayed up all night to help with the Thanksgiving meal. He states that the main cook confirmed that, but the officer told the main cook to go talk to the sergeant who, in turn, said both of them had to stay up and continue to work. Plaintiff states that both he and the main cook said "OK" and went to work.

According to the document, the officer then came and told Plaintiff to pack his stuff because he was being placed on lockdown for making a threatening suggestion. He does not state to whom the purported suggestion was supposedly made. He states that he was confused and upset so he refused to go into a general population cell and requested to go to isolation instead. He states that the officer told him that he is a "level one" and that, if he went to isolation, he would not be able to go to the Class D side to work. He states that he went to isolation for 4 or 5 days to clear his mind and then went to general population. His grievance

stated that he "would like to go to the Class D side or be shipped because I am a level one and can't program or earn my 4 days good time a month being locked down."

Plaintiff also attaches a letter from KDOC stating that, according to their records, he was only on lockdown for a few days but was still brought out to work during that time "only on a different job from the kitchen."

As relief, Plaintiff asks for monetary and punitive damages and to be released from state custody.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. "Racial profiling"

The complaint mentions "racial profiling" once without elaboration, without even stating what race Plaintiff is.  Plaintiff fails to state a claim related to "racial profiling" since it, at most, is a "'label[] or conclusion[]' or [a] 'naked assertion' devoid of 'further factual enhancement.'" *Id*. (brackets adjusted).

### B. First Amendment

Plaintiff alleges that his First Amendment freedom-of-speech right was violated when he complained to jail staff regarding his custody level and then became a trustee instead of being allowed to participate in the work release program.  Although Plaintiff labels this a freedom-of-speech claim, it seems more likely that Plaintiff is intending it to be a First Amendment retaliation claim.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Id*.

Reading it liberally, the complaint may be read to allege that Plaintiff's protected conduct was discussing his custody level with staff and that the adverse action was that instead of being allowed to be in the work release program, he became a trustee. Even assuming for purposes of this initial review that Plaintiff has alleged protected conduct and a sufficiently adverse action, he does not allege the requisite motivation. The complaint explains that he was told that if he went to isolation he would not be able to go to the Class D side to work.[1] Yet, Plaintiff chose to go to isolation for 4-5 days. The complaint also states that he became a trustee because he had a conflict with another inmate. Thus, he does not allege an adverse action that was motivated by his alleged protected conduct, and he fails to state a First Amendment retaliation claim. *See, e.g.*, *Cook v. Cashler*, No. 1:11-CV-637, 2012 WL 591698, at *18 (W.D. Mich. Feb. 22, 2012) ("While Plaintiff alleges that Defendant Wakefield's conduct was the result of Plaintiff helping other inmates with a lawsuit against him, Plaintiff does not allege any facts showing that his legal activities were a substantial or motivating factor in Smith's decision to transfer Plaintiff to another facility."). This claim will be dismissed for failure to state a claim upon which relief may be granted.

### C. Fifth Amendment

The Fifth Amendment of the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V.

---

[1] Although not clear, it appears that being on the "Class D" side allowed an inmate to participate in the work release program.

Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants. Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of local officials are at issue. Thus, the Court will dismiss the Fifth Amendment claim.

### D. Eighth Amendment

Plaintiff appears to allege that it was cruel and unusual punishment that he became a trustee rather than being allowed to do work release. He states, "Under cruel and unusual punishment I was given no option instead I was told I had a conflict threatening another inmate."

Denial of the ability to participate in work release is far from the "cruel and unusual punishment" contemplated by the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Although job and educational opportunities diminished . . . [because of where the prisoner was housed], . . . deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); *Williams v. Parker*, No. 18-1150-JDT-CGC, 2018 WL 5986761, at *4 (W.D. Tenn. Aug. 10, 2018) ("[T]he loss of a prison job or the ability to participate in rehabilitative or educational programs does not violate the Eighth Amendment."); *Bryant v. Dyess*, No. 13-CV-2962, 2014 WL 2612029, at *2 (W.D. La. June 11, 2014) ("[D]enial of the right to participate in a work-release program falls far short of [cruel and unusual punishment.]").

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court concludes that leave to amend is not warranted. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, and leave to amend should be denied if the amendment would be futile." (internal citations omitted)).

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order, dismiss this action.

Date: August 19, 2022

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Defendants
     Christian County Attorney
4413.009